379 So.2d 813 (1980)
Donald R. GUIDRY et al.
v.
Darlene M. ZERINGUE et al.
Milton FOLSE et al.
v.
Norman J. NAQUIN et al.
Nos. 10566, 10567.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
*814 Garland R. Rolling, Metairie, for Norman J. Naquin, third party plaintiffs-appellees.
Bienvenu, Foster, Ryan & O'Bannon, John W. Waters, Jr., New Orleans, for Trinity Universal Ins. Co., third party defendants-appellants.
Before SAMUEL, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
This appeal involves a judgment on a third party demand by Norman Naquin against Trinity Universal Insurance Company, Naquin's alleged automobile liability insurer, for the attorney's fees incurred by Naquin in defending two consolidated suits in which Trinity denied coverage of Naquin. All claims other than this third party demand were settled on the morning of trial, and the matter proceeded to trial on this demand only. The trial court rendered a judgment awarding attorney's fees in the stipulated amount, and Trinity appealed. The sole issue on appeal is whether Trinity owed Naquin a defense.
In the October 24, 1976 accident which gave rise to these suits Naquin's minor son was driving a 1975 Chevrolet pickup truck. In September, 1976 Naquin had applied for insurance under the Louisiana Insurance Plan (Assigned Risk), and Trinity was assigned to provide coverage. In the application Naquin listed a 1972 Buick sedan as the only vehicle to be insured, although he also owned the 1975 Chevrolet pickup truck, having purchased it in July, 1975. When Naquin's agent requested additional information by mail, the question inquiring about other owned vehicles was left blank. Trinity's policy, issued on September 5, 1976, listed only the Buick. The policy also contained the following provisions:
"The Company ... agrees ...:
"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by any person;
"B. injury to or destruction of property, including loss of use thereof, hereinafter called `property damage';
"arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent, but the company may make such investigation and settlement of any claim or suit as it deems expedient.
"* * * * * *
"Definitions...:
"`Owned automobile' means
"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.

* * * * * *
"(d) a temporary substitute automobile;
"`temporary substitute automobile' means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; "`non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile." (Emphasis supplied)
*815 The original petitions named Naquin and Trinity as defendants solidarily liable and alleged Naquin's son's negligence in driving an automobile owned by Naquin and driven with Naquin's permission. The petitions further alleged:

"21.
"Trinity Universal Insurance Company, at all times pertinent herein, had in full force and effect a policy of automobile liability insurance insuring Norman J. Naquin and/or Faron J. Naquin against liability for claims of the nature set forth herein.

"22.
"In the alternative, petitioner alleges that the Trinity Universal Insurance Company policy provided coverage for Norman J. Naquin and/or Faron J. Naquin while using a substitute vehicle and that the vehicle driven by Faron J. Naquin was such a substitute vehicle."
Trinity filed an answer (only on its own behalf) which denied basic coverage of the vehicle not described in the policy and further denied that the vehicle qualified as a temporary substitute automobile. Trinity then moved for a summary judgment, attaching the policy and the registration certification on the Chevrolet, but the motion was denied.
Naquin also answered on his own behalf and eventually filed a third party petition against Trinity, demanding indemnification for any judgment and attorney's fees for Trinity's failure to provide a defense. Trinity answered the third party demand, denying that it provided coverage or that it was obliged to provide a defense to an uncovered claim.
The trial court, relying on certain language in American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970), noted the petition's allegations did not unambiguously exclude coverage and held that if the allegations (especially of Trinity's coverage) were assumed to be true, there was liability and coverage, so that Trinity was bound to defend the actions regardless of their outcome. The court added (in denying an application for new trial) that the insurer very probably would not have been held liable under the policy if the principal demands had been tried, but that the question of whether there was coverage required a judicial determination, while the question of whether there was an obligation to defend was to be determined solely by reference to the petition.
The cited language in the Czarniecki case merely reiterates the policy's requirement that an insurer defend against all claims which are payable under the terms of the policy, even if the factual allegations are groundless.[1] Thus, when a petition alleges facts under which there would be liability to the plaintiff and coverage under the policy, the insurer must defend the suit, even if it is highly improbable that the facts alleged in the petition will be proved at trial.
In the Czarniecki case the petition alleged that the driver had the insured's permission to operate the car. Since the policy provided coverage if that disputed fact were assumed to be true, the court held the insurer was obliged to provide a defense. The Czarniecki decision, however, does not suggest that a conclusion stated in the petition must be assumed to be correct, nor does the *816 decision require the insurer to defend an uncovered claim simply because the petition stated the conclusion that coverage existed.
An insurer's obligation to provide a defense is determined by reference to the allegations of fact contained in the petition and to the terms of the policy. However, there is a vast difference between allegations of facts and statements of conclusions in pleadings. In the present case there were various allegations of fact in the original petitions, and some would support the stated conclusion that Naquin was negligent. None of the allegations of fact, however, even if true, would support the stated conclusion that there was coverage under the policy.
When all of the factual allegations of the petition are considered in reference to the terms of the policy, it is clear that the policy provided no basic coverage for an owned automobile not described in the policy and that the Chevrolet, being an owned automobile, did not qualify as a temporary substitute automobile. Therefore, the factual allegations of the petition unambiguously excluded coverage under Trinity's policy, and Trinity was justified in declining to provide indemnity or to defend the claim. Hill v. Liberty Mut. Ins. Co., 357 So.2d 61 (La.App. 4th Cir. 1978), cert. den., La., 359 So.2d 196.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that Naquin's third party demand against Trinity be dismissed, each party to bear his own costs.
REVERSED AND RENDERED.
NOTES
[1] The cited language in the Czarniecki case reads:

"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.
"Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured". (Citations omitted)