STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1010

JOHN KEITH RICHARD
VERSUS
LAFAYETTE FIRE AND POLICE CIVIL SERVICE BOARD, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-3111
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

RULE RECALLED.  APPEAL MAINTAINED.
SUPPLEMENTAL RECORD ORDERED.

William Littlejohn Goode
The Goode Law Firm
Post Office Box 3366
Lafayette, LA 70502-3366
(337) 234-0600
COUNSEL FOR PLAINTIFF/APPELLANT:
        John Keith Richard

Marie Candice Hattan
Roy & Hattan
Post Office Drawer 91850
Lafayette, La 70509
(337) 234-0431
COUNSEL FOR DEFENDANT/APPELLEE:
        Lafayette Municipal Fire and Police Civil Service Board

**Michael Patrick Corry**
**Briney & Foret**
**Post Office Box 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Lafayette Consolidated Government**

PAINTER, Judge.

This court issued, *sua sponte,* a rule ordering the plaintiff-appellant, John Keith Richard, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On September 4, 2007, this court received appellant's response to the rule. For the reasons given herein, we hereby recall the rule, maintain the appeal, and order the clerk of court to supplement the record.

A final judgment in this employment dispute was entered by the trial court on March 7, 2007. Notice of this judgment was certified as mailed by the district court clerk's office to the parties in this litigation on March 13, 2007. The plaintiff filed a motion for new trial on March 22, 2007.

Within the pleading entitled Plaintiff's Motion for New Trial, the plaintiff included an order, to be filled in by the trial court, setting the motion for new trial for a show cause hearing. The record reflects that lines were drawn through this order language, and underneath this language appears the word, "Denied." Following this notation is written the date of March 27, 2007, and underneath these appears the trial court's signature.

The plaintiff then filed a motion and order for appeal on April 5, 2007. The trial court granted the order of appeal on April 13, 2007, and the record in this appeal was lodged in this court on April 15, 2007.

On its own motion, this court issued a rule for the plaintiff to show cause, by brief only, why the appeal in this case should not be dismissed as premature, citing *Egle v. Egle,* 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780. The plaintiff filed a response to this court's rule to show cause on September 4, 2007.

1

In *Egle*, 923 So.2d 780, this court held that the appeal was premature and dismissed the appeal *sua sponte*. This court found that the record did not contain a judgment denying the motion for new trial. Instead, the record contained an order by the trial court in which the notation "Denied" had been written across a rule to show cause order which had been attached to a motion for new trial. We found that such an order did not fulfill the requirements of La.Code Civ.P. art. 1918 in that the language did not clearly identify the judgment by appropriate language, and found that this order denied only the rule to set the motion for new trial for contradictory hearing. Moreover, this court noted that the motion for new trial had not been denied at a contradictory hearing. Therefore, this court proceeded to hold that the appeal in *Egle* was premature pursuant to La.Code Civ.P. art. 2087(D), because the appeal had been granted before the trial court had sufficiently disposed of the motion for new trial.

Similarly, in the instant case, when the appeal was lodged in this court on August 15, 2007, the appeal was premature because the trial court had written "Denied" across the request for the setting of a date for a rule to show cause hearing. However, attached to the plaintiff's response to this court's rule to show cause is a copy of a judgment signed by the trial court and dated August 29, 2007, which is clearly identified as a final judgment and which definitively denies the plaintiff's motion for new trial. We find that the judgment of August 29, 2007, is in the appropriate form to constitute a proper judgment disposing of the motion for new trial.

Louisiana Code of Civil Procedure Article 2123(C) provides:

> An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment

notwithstanding the verdict. The order becomes effective upon the denial of such motions.

"The second sentence of this provision . . . makes it clear that the trial court's denial of a motion for new trial during the pendency of an appeal cures the defect of prematurity." *Sullivan v. Franicevich*, 04-0321 (La.App. 4 Cir. 3/9/05), 899 So.2d 602, 604 (citation omitted). The Louisiana Supreme Court has held that once a previously existing defect has been cured, there is no useful purpose in dismissing an otherwise valid appeal. *Overmier v. Traylor*, 475 So.2d 1094 (La.1985).

Accordingly, in the instant case, we find that the appeal order was granted prematurely because the trial court had not yet issued a valid judgment regarding the plaintiff's motion for new trial. However, we find that the trial court's subsequent issuance of a valid judgment denying the motion for new trial cured the jurisdictional defect of prematurity. Therefore, we find that although the appeal was premature at the time when it was lodged in this court, the appeal has since been perfected and should be maintained. Accordingly, we hereby order that the Office of the Clerk of Court for the Fifteenth Judicial District Court Parish of Lafayette, file a supplemental record to this appeal with this court containing the judgment of August 29, 2007, denying the motion for new trial.

**RULE RECALLED. APPEAL MAINTAINED.**
**SUPPLEMENTAL RECORD ORDERED.**