## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-374**
**CONSOLIDATED WITH 09-375 AND 09-376**

LOUIS ROBINSON, JR.
VERSUS
TYLAN MEAUX, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2006-5173
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**Elizabeth A. Pickett**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**RULE RECALLED. APPEAL MAINTAINED.**

**Thomas Reginald Hightower, Jr.**
**Patrick Wade Kee**
**Attorneys at Law**
**Post Office Drawer 51288**
**Lafayette, LA 70505**
**(337) 233-0555**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lil D's Bar-B-Que, L.L.C.**

**Steven Claude Judice**
**Keogh, Cox & Wilson**
**Post Office Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Federated Mutual Insurance Co.**
    **Champion's Express Mart, Inc.**

**Don J. Hernandez**
**Attorney at Law**
**Post Office Box 24**
**Franklin, LA 70538**
**(337) 378-0468**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Louis Robinson, Jr.**


**Lisa Coleman Lee**
**Keetsie T. Gunnels**
**Attorney for DOHH**
**Post Office Box 3836**
**Baton Rouge, LA 70821-3836**
**(225) 342-0207**
**COUNSEL FOR INTERVENOR/APPELLEE**
**State of Louisiana, Department of**
**Health and Hospitals-Medicaid**


**L. Katherine A. Theunissen**
**Mahtook & Lafleur**
**Post Office Box 3089**
**Lafayette, LA 70502**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Lafayette Consolidated Government**


**John William Penny, Jr.**
**Attorney at Law**
**Post Office Box 2187**
**Lafayette, LA 70502**
**(337) 231-1955**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Allstate Insurance Company**
**Rodney and Vickie Guilbeaux**
**Tylan Meaux**


**Jeffery F. Speer**
**Julian Louis Gibbens, III**
**Jason E. Fontenot**
**Doucet & Speer**
**Post Office Box 4303**
**Lafayette, LA 70502-4303**
**(337) 232-0405**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Tylan Meaux**
**Rodney and Vickie Guilbeaux**

**Chris Paul Villemarette**
**Attorney at Law**
**1606-B St. Mary St.**
**Scott, LA 70583**
**(337) 232-3100**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Clement Mayard**

**Edward Bernard Jones**
**Edward B. Jones & Associates**
**Post Office Drawer 1807**
**Patterson, LA 70392**
**(985) 399-5944**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Louis Robinson, Jr.**

**James Alan Harrell**
**Heather Duplantis**
**Karen Blakemore**
**Phelps Dunbar**
**Post Office Box 4412**
**Baton Rouge, LA 70821-4412**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lafayette Specialty Hospital, LLC**
    **d/b/a Meadowbrook Specialty Hospital of Lafayette**

**Scott M. Hawkins**
**Hawkins & Villemarette**
**107 Regency Square**
**Lafayette, LA 70508**
**(337) 233-8005**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Clement Mayard**

PICKETT, Judge.

This court issued, *sua sponte*, a rule ordering the Appellants, Louis Robinson, Jr., Lafayette Consolidated Government (LCG), and Lafayette Specialty Hospital, L.L.C. d/b/a Meadowbrook Specialty Hospital of Lafayette (Meadowbrook), to show cause, by brief only, why the appeals in these consolidated cases should not be dismissed as premature. For the reasons given herein, we hereby recall the rule and maintain the appeals.

These cases arise out of an accident which left Plaintiff, Louis Robinson, Jr., a quadriplegic. Allegedly, on August 1, 2006, Plaintiff was riding his bicycle on a sidewalk adjacent to the Evangeline Thruway in Lafayette, Louisiana, when he was struck by a truck driven by Tylan Meaux. As a result of this accident, Plaintiff has filed a personal injury suit, and his suit has been consolidated with the separate suits filed by Mr. Meaux and his guest passenger, Clement Mayard. Appellant, LCG, was named as one of the defendants, and Appellant, Meadowbrook, filed a petition of intervention seeking recovery of expenses associated with Plaintiff's treatment at its facility.

One of the Defendants, Lil D's BBQ, L.L.C., filed a motion for summary judgment seeking to have all claims against it dismissed. The trial court granted the motion for summary judgment, and a judgment to that effect was signed on September 15, 2008. Plaintiff, LCG, and Meadowbrook each filed motions for new trial. The trial court wrote the word "Denied" across the proposed orders to show cause. Appellants subsequently filed separate motions for appeal which were granted by the trial court.

In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court held that the notation "Denied" written across a rule to show cause order which had been attached to a motion for new trial was insufficient to satisfy the statutory requirement

1

that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. Further, this court found that the appeal in *Egle* was premature under La.Code Civ.P. art. 2087(D) because it was granted before the trial court had sufficiently disposed of the motion for new trial.

In the instant case, when the appeals were lodged in this court on March 27, 2009, the appeals were premature because the trial court had addressed the parties' motions for new trial by writing "Denied" on the show cause orders. However, when responding to this court's order that Appellants show cause why their appeals should not be dismissed as premature, Appellants submitted to this court a copy of a revised judgment which had been signed by the trial court. This new judgment reflects that on April 13, 2009, the trial court issued a judgment clearly denying the three motions for new trial. A supplemental record containing this new judgment has been filed in this court. We find that the judgment of April 13, 2009, is in the appropriate form to constitute a proper judgment disposing of the motions for new trial.

Louisiana Code of Civil Procedure Article 2123(C) provides:

> An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.

"The second sentence of this provision . . . makes it clear that the trial court's denial of a motion for new trial during the pendency of an appeal cures the defect of prematurity." *Sullivan v. Franicevich*, 04-0321 (La.App. 4 Cir. 3/9/05), 899 So.2d 602, 604 (citation omitted), *writs denied*, 05-0880 and 05-0920 (La. 5/20/05), 902 So.2d 1051 and 1055. The Louisiana Supreme Court has held that once a previously existing defect has been cured, there is no useful purpose in dismissing an otherwise valid appeal. *Overmier v. Traylor*, 475 So.2d 1094 (La.1985).

Accordingly, in the instant cases, we find that the appeal orders were granted prematurely because the trial court had not yet issued valid judgments regarding the

2

motions for new trial, and therefore, this court did not have jurisdiction over the appeals. However, we find that the trial court's subsequent issuance of a valid judgment denying the motions for new trial cured the jurisdictional defect of prematurity. As such, we find that although the appeals were premature at the time when they were lodged in this court, the appeals have since been perfected and should be maintained.

**RULE RECALLED. APPEAL MAINTAINED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.