NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-135

ALFRIEDA ONEZIME MASON

VERSUS

SHELTER MUTUAL INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20117387
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of, John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.

RULE RECALLED.  APPEALS MAINTAINED.

Joseph Lomax Jordan, Jr.
Attorney at Law
1817 W. University Avenue
Lafayette, Louisiana 70506
(337) 233-9984
COUNSEL FOR PLAINTIFF/APPELLANT:
    Alfrieda Onezime Mason

**Thomas R. Hightower, III**
**Attorney at Law**
**Post Office Drawer 51288**
**Lafayette, Louisiana 70505**
**(337) 233-0555**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Shelter Mutual Insurance Company**

**SAUNDERS, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Alfrieda Onezime Mason, and Defendant-Appellant, Shelter Mutual Insurance Company, to show cause, by brief only, why the appeals in this matter should not be dismissed as premature. On March 16, 2016, this court received Appellants' responses to the rule. For the reasons given herein, we hereby recall the rule and maintain the appeals.

This case arises out of a dispute over coverage under a homeowner's insurance policy which Defendant had issued to Plaintiff. Plaintiff filed suit against Defendant after Defendant failed to pay certain expenses associated with water leaks in Plaintiff's home. Following a trial on the merits, Plaintiff was awarded money damages, as well as penalties and attorney's fees. The judgment was signed on September 15, 2015, and the notice of judgment was mailed on September 21, 2015. On September 14, 2015, Plaintiff filed a pleading entitled, "Rule Nisi and Motion for Partial New Trial." By that pleading, Plaintiff sought a new trial as to only certain issues. The trial court wrote the word, "denied," diagonally across the proposed order to show cause, and no hearing was held on Plaintiff's motion for new trial.

Subsequently, both Plaintiff and Defendant filed motions to appeal the September 15, 2015 judgment. The appeals were lodged in this court on February 25, 2016.

In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court held that the notation "Denied," written across a rule to show cause order which had been attached to a motion for new trial was insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language."

*See* La.Code Civ.P. art. 1918. Further, this court found that the appeal in *Egle* was premature under La.Code Civ.P. art. 2087(D) because it was granted before the trial court had sufficiently disposed of the motion for new trial.

In the case at bar, the purported judgment on Plaintiff's motion for new trial contains only the word, "denied," written across the rule to show cause order. Such a judgment is deemed insufficient under *Egle*, 923 So.2d 780. Therefore, at the time of filing, the instant appeals were premature because they were filed before the trial court had sufficiently deposed of the motion for new trial. *Id.*

Both Plaintiff and Defendant have filed responses to this court's order requiring them to show cause why their appeals should not be dismissed as premature under *Egle*, 923 So.2d 780. The parties have also provided this court with an amended judgment, which the trial court signed on March 10, 2016, denying Plaintiff's motion for new trial. The appeal record has been supplemented to include the amended judgment of March 10, 2016.

In support of their assertion that the appeals should be maintained, Plaintiff and Defendant cite *Richard v. Lafayette Fire and Police Civil Service Bd.*, 07-1010 (La.App. 3 Cir. 9/19/07), 966 So.2d 685, wherein this court stated the following:

> Louisiana Code of Civil Procedure Article 2123(C) provides:
>
> > An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.
>
> The second sentence of this provision . . . makes it clear that the trial court's denial of a motion for new trial during the pendency of an appeal cures the defect of prematurity. The Louisiana Supreme Court has held that once a previously existing defect has been cured, there is no useful purpose in dismissing an otherwise valid appeal.
>
> Accordingly, in the instant case, we find that the appeal order was granted prematurely because the trial court had not yet issued a valid judgment regarding the plaintiff's motion for new trial.

However, we find that the trial court's subsequent issuance of a valid judgment denying the motion for new trial cured the jurisdictional defect of prematurity. Therefore, we find that although the appeal was premature at the time when it was lodged in this court, the appeal has since been perfected and should be maintained.

*Richard*, 966 So.2d at 687 (internal quotation marks and citations omitted).

In accordance with this court's ruling in *Richard,* 966 So.2d 685, we find that the March 10, 2016 amended judgment, which constitutes a proper judgment for the denial of the motion for new trial, served to cure the defect which had made the instant appeals premature. Therefore, we recall the rule and order that the appeals be maintained.

**RULE RECALLED. APPEAL MAINTAINED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.