# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**05-0531**

**ROSE DOVE EGLE**

**VERSUS**

**JOHN M. EGLE**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 980015,
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**APPEAL DISMISSED; CASE REMANDED.**

**Walter C. Thompson, Jr.**
**Nicholas D. Doucet**
**Jan K. Frankowski**
**Barkley & Thompson, L. C.**
**Suite 2350, 1515 Poydras Street**
**New Orleans, LA  70112**
**(504) 595-3350**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Rose Dove Egle, et al.**

**Bob F. Wright**
**James Parkerson Roy**
**Domengeaux, Wright, Roy & Edwards**
**556 Jefferson Street, Suite 500**
**Post Office Box 3668**
**Lafayette, LA  70502**
**(337) 233-3033**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Rose Dove Egle, et al.**

**H. Alston Johnson, III**
**Thomas H. Kiggans**
**Michelle F. Plauché**
**Phelps Dunbar LLP**
**Suite 701, City Plaza**
**445 North Boulevard**
**Baton Rouge, LA  70802**
**(225) 346-0285**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Smith International, Inc.**

PETERS, J.

This case is on appeal from a judgment on the merits rendered against Smith International, Inc. (Smith) in connection with its purchase of a business owned in part by trusts set up for the benefit of the three children of John and Rose Egle. Smith appealed the judgment, and the plaintiffs and intervenor answered the appeal. For the following reasons, we find that this appellate court does not have jurisdiction to review the appeal or the answer to the appeal because the record does not show that the trial court ruled on Smith's Motion for Judgment Notwithstanding the Verdict or Remittitur and Alternative Motion for New Trial. Therefore, we dismiss this appeal and remand the case to the trial court for a ruling on Smith's pending motion.

This case has a very complicated and lengthy history which we will not attempt at this juncture to recite. Suffice it to say that the aspect of the litigation which the parties now present to this appellate court for review involves the attempt to recover on behalf of the three trusts a greater portion of the proceeds of the sale of Tri-Tech Fishing Services, L.L.C., a business of which the trusts were part owners, to Smith.

Following an adverse jury verdict and trial court judgment on the merits, Smith timely fax-filed a Motion for Judgment Notwithstanding the Verdict or Remittitur and Alternative Motion for New Trial (motion), along with a Rule to Show Cause (rule), and memorandum in support of the motion. Notably, while the motion, rule, and memorandum were filed at the same time, they were not filed as one document. Instead, each had its own individual caption. The next day, Smith filed a hard copy of the motion. The plaintiffs and the intervenor followed with a memorandum in opposition to Smith's motion.

The prayer for relief in Smith's motion merely stated that "after due proceedings are had its motion" should be granted, either by granting the judgment

notwithstanding the verdict, a remittitur, or a new trial. It did not contain an order to set the motion for hearing. Instead, Smith requested a hearing date in the rule, which provided as follows:

> Considering the Motion for Judgment Notwithstanding the Verdict or Remittitur and Alternative Motion for New Trial, and memorandum in support;
> It is ordered that plaintiffs show cause, if they can, on the ___ day of _____, 2004, at _____ o'clock in _____, Louisiana, why defendant's Motion for Judgment Notwithstanding the Verdict or Remittitur and Alternative Motion for New Trial should not be granted.
> Signed this ____ day of _____, 2004, _____, Louisiana.

> _____
> Judge Kristian Earles

On July 1, 2004, or approximately two weeks after Smith filed its motion, rule, and memorandum, the trial court wrote "Denied" diagonally across the face of the rule. The trial court signed the rule in the place provided and completed the last line of the rule as follows: "Signed this _1_ day of _July_, 2004, _Crowley_, Louisiana."[1] Stamped on the face of the rule is the certificate of the clerk of court asserting that a certified copy of the rule had been mailed to all parties on July 12, 2004.[2]

The day after the trial court signed the rule, Smith filed a Motion and Incorporated Memorandum for Leave to File Reply Memorandum in Support of Smith's Motion for Judgment Notwithstanding the Verdict or Remittitur and Alternative Motion for New Trial. Ten days later, the trial court wrote "Moot" across the order filed in connection with the request for leave to file the reply memorandum.

---

[1]The space provided for the trial court to set a hearing date contained the handwritten date of July 19. However, the handwriting does not appear to match the remainder of the handwritten notations by the trial court, and there is no explanation of its origin.

[2]Interestingly, the stamped certification provided in part that "a certified copy of this judgment/order has been mailed," but "judgment/order" was marked out and "Rule" was handwritten over that language.

"The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal . . . ." La.Code Civ.P. art. 2088. "An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." La.Code Civ.P. art. 2087(D); La.Code Civ.P. art. 2123(C). Importantly, "An appeal can be dismissed at any time . . . for lack of jurisdiction of the appellate court . . . ." La.Code Civ.P. art. 2162. The appellate court may dismiss an appeal on its own motion where there is no right to appeal. *West v. Bruner Health Group, Inc.*, 03-152 (La.App. 3 Cir. 10/29/03), 866 So.2d 260, *writs denied*, 04-913, 04-935 (La. 6/18/04), 876 So.2d 805, 806. "If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe." La.Code Civ.P. art. 2162.

In the instant case, the trial court failed to dispose of Smith's timely filed Motion for Judgment Notwithstanding the Verdict or Remittitur and Alternative Motion for New Trial. The notation "Denied" written across the rule to show cause was insufficient to constitute a judgment on Smith's motion. We note that, following oral argument, the litigants submitted an order from the trial court in which the court purported to "clarif[y] that when on July 1, 2004, the Court wrote 'denied' on the Rule to Show Cause, the Court intended to and in fact did deny on the merits the defendant's Motion for Judgment Notwithstanding the Verdict or Remittitur and

3

Alternative Motion for New Trial . . . ." However, "[a] final judgment shall be identified as such by appropriate language." La.Code Civ.P. art. 1918. "A valid judgment must be precise, definite and certain." *Jenkins v. Recovery Tech. Investors*, 02-1788, p. 3 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600. The record before us simply contains no hearing[3] and no judgment rendered on Smith's motion. The trial court could not clarify what did not exist—a valid judgment on Smith's motion. Therefore, because the trial court failed to dispose of the motion, the order of appeal was premature. Accordingly, the trial court has not been divested of jurisdiction, and we do not have jurisdiction. In that posture, we dismiss the appeal and transfer it to the trial court for disposition of Smith's motion.

## DISPOSITION

For the foregoing reasons, we dismiss the appeal and remand the matter to the trial court for disposition of Smith International, Inc.'s Motion for Judgment Notwithstanding the Verdict or Remittitur and Alternative Motion for New Trial. We assess costs of the appeal to Smith International, Inc.

**APPEAL DISMISSED; CASE REMANDED.**

---

[3]Louisiana Code of Civil Procedure Article 963 provides:
> If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
> If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion *shall be* served on and *tried contradictorily* with the adverse party.
> *The rule to show cause is a contradictory motion.*
(Emphasis added.)