SHIRLEY TERESA HUNT LEDOUX
v.
KURT JOHN LEDOUX.
No. 08-349.
Court of Appeals of Louisiana, Third Circuit.
May 7, 2008.
NOT DESIGNATED FOR PUBLICATION.
MAURICE L. TYNES, Attorney at Law, Counsel for Plaintiff/Appellant, Shirley Teresa Hunt Ledoux.
DAVID BRUCE JONES, Attorney at Law, Counsel for Defendant/Appellee, Kurt John Ledoux.
Court composed of COOKS, DECUIR, and EZELL, Judges.
SYLVIA R. COOKS, Judge.
This court issued, sua sponte, a rule ordering the Plaintiff-Appellant, Shirley Teresa Hunt Ledoux, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On April 10, 2008, this court received Appellant's response to the rule. For the reasons given herein, we hereby dismiss the appeal.
This case arises out of a divorce proceeding. Appellant filed a petition for divorce on December 8, 2003, and the judgment of divorce was granted on August 6, 2004. The trial on the community property partition was held on May 23, 2007. The matter was taken under advisement, and the trial court rendered its judgment on October 16, 2007. Notice of Judgment was sent on October 18, 2007. Appellant filed a Motion for New Trial which was received by the trial court on October 25, 2007. On November 4, 2007, the trial court wrote the word "denied" diagonally across the proposed order to show cause. The motion and order were filed on November 7, 2007. No hearing was held on the motion.
Appellant filed a motion for suspensive appeal on December 19, 2007, and the order granting the appeal was signed on December 26, 2007. The record in this case was lodged in this court on March 28, 2008.
Louisiana Code of Civil Procedure Article 1918 provides, in pertinent part, that "[a] final judgment shall be identified as such by appropriate language." In the case at bar, the only language on the purported judgment is the word "denied" written across the rule to show cause order.
In response to this court's order that appellant show cause why her appeal should not be dismissed as premature, Appellant states that she cannot in good faith oppose the dismissal of this appeal as premature because the circumstances of this case fall squarely within the circumstances prevailing in Egle v. Egle, XXXX-XXXX (La.App. 3 Cir. 2/8/06), 923 So.2d 780.
In Egle, 923 So.2d 780, this court previously considered the issue of whether the notation "Denied" written across a rule to show cause order is sufficient to constitute a judgment on a motion for new trial. The Egle case was factually similar to the instant case in that no hearing had been held on the motion for new trial, and the trial judge simply wrote the notation "Denied" diagonally across the face of the rule. The court in Egle found such a notation to be insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." See La.Code Civ.P. art. 1918. In Egle, the court looked to La.Code Civ.P. art. 2087(D), which provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Since the trial court had not held a hearing and no valid judgment had been rendered with regards to the motion for new trial, this court held in Egle that the appeal order was premature. Having found the appeal order to be premature, this court concluded that it lacked jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2088.
Likewise, in the instant case, we find that the notation "Denied" written on the rule to show cause order does not constitute a valid judgment. Since the trial court failed to conduct a hearing and properly dispose of the Motion for New Trial, we find that the appeal order signed on December 26, 2007, was premature and that the trial court was not divested of its jurisdiction. Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and remanded to the trial court for consideration of Appellant's Motion for New Trial.
APPEAL DISMISSED. CASE REMANDED.