NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-569

GUADALUPE CAMACHO
VERSUS
SUSAN CAMACHO

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 91189-A
HONORABLE GERARD B.WATTIGNY, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**APPEAL DISMISSED.  CASE REMANDED.**

Lucretia Pecante-Burton
Pecante-Burton & Burton
A Professional Law Corporation
Post Office Box 13738
New Iberia, LA 70562
(337) 367-1779
COUNSEL FOR PLAINTIFF/APPELLANT:
    Guadalupe Camacho

**Carroll L. Spell, Jr.**
**Attorney at Law**
**Post Office Box 249**
**Milton, LA 70558**
**(337) 857-9772**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Susan Camacho**

PICKETT, Judge.

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Guadalupe Camacho, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On May 23, 2008, this court received Appellant's response to the rule. For the reasons given herein, we hereby dismiss the appeal.

On December 19, 2007, the trial court signed a judgment regarding visitation and custody of the parties' minor child. Notice of the judgment was mailed to the parties on December 20, 2007. Appellant filed a Motion for New Trial on December 28, 2007. On January 7, 2008, the trial court wrote the word "denied" diagonally across the proposed order to show cause. No hearing was held on the motion.

Appellant filed a motion for suspensive appeal on February 15, 2008, and the order granting the appeal was signed on March 3, 2008. The record in this case was lodged in this court on May 8, 2008.

Louisiana Code of Civil Procedure Article 1918 provides, in pertinent part, that "[a] final judgment shall be identified as such by appropriate language." In the case at bar, the only language on the purported judgment is the word "denied" written across the rule to show cause order.

In response to this court's order that appellant show cause why his appeal should not be dismissed as premature, Appellant states that he cannot in good faith oppose the dismissal of this appeal as premature because the circumstances of this case fall squarely within the circumstances prevailing in *Egle v. Egle*, 2005-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780.

In *Egle,* 923 So.2d 780, this court previously considered the issue of whether the notation "Denied" written across a rule to show cause order is

1

sufficient to constitute a judgment on a motion for new trial. The *Egle* case was factually similar to the instant case in that no hearing had been held on the motion for new trial, and the trial judge simply wrote the notation "Denied" diagonally across the face of the rule. The court in *Egle* found such a notation to be insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. In *Egle*, the court looked to La.Code Civ.P. art. 2087(D), which provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Since the trial court had not held a hearing and no valid judgment had been rendered with regards to the motion for new trial, this court held in *Egle* that the appeal order was premature. Having found the appeal order to be premature, this court concluded that it lacked jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2088.

Likewise, in the instant case, we find that the notation "Denied" written on the rule to show cause order does not constitute a valid judgment. Since the trial court failed to conduct a hearing and properly dispose of the Motion for New Trial, we find that the appeal order signed on March 3, 2008, was premature and that the trial court was not divested of its jurisdiction. Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and remanded to the trial court for consideration of Appellant's Motion for New Trial.

**APPEAL DISMISSED. CASE REMANDED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.