## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-950

RICHARD LE, ET AL.
VERSUS
NITETOWN, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-2833-E
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

**APPEAL DISMISSED. CASE REMANDED.**

Thomas Reginald Hightower, Jr.
Patrick Wade Kee
Attorneys at Law
Post Office Drawer 51288
Lafayette, LA 70505
(337) 233-0555
COUNSEL FOR DEFENDANT/APPELLANT:
      Nitetown, Inc.

Mark Reese Pharr, III
Julie E. Vaicius
Mary E. Lorenz
Galloway, Johnson, Tompkins, Burr & Smith
4021 Ambassador Caffery
Building A, Suite 175
Lafayette, LA 70503
(337) 735-1760
COUNSEL FOR DEFENDANT/APPELLEE:
      Markel International Insurance Company, Ltd.

**Derriel Carlton McCorvey**
**Attorney at Law**
**Post Office Box 2473**
**Lafayette, La 70502**
**(337) 291-2431**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Richard Le**
    **Edward Prince**

DECUIR, Judge.

This court issued, *sua sponte*, a rule ordering the Defendant-Appellant, Nitetown, Inc. (Nitetown), to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On August 11, 2008, this court received Nitetown's response to the rule. For the reasons given herein, we hereby dismiss the appeal.

This case arises out of an excessive force claim against employees of Nitetown. In the course of these proceedings, the Defendant/Appellee, Markel International Insurance Company, Ltd. (Markel), filed a motion for summary judgment requesting a ruling that there was no coverage for Plaintiffs' claims under its commercial general liability policy. The trial court granted the motion for summary judgment and rendered judgment in favor of Markel and against Nitetown and the Plaintiffs. The trial court signed its judgment November 15, 2007. Notice of Judgment was sent on November 20, 2007.

Nitetown filed a Motion for New Trial which was received by the trial court on November 28, 2007. On December 10, 2007, the trial court wrote the word "Denied" diagonally across the proposed order to set the motion for hearing. No hearing was held on the motion.

Nitetown filed a motion for suspensive appeal on April 22, 2008, and the order granting the appeal was signed on April 29, 2008. The record in this case was lodged in this court on July 30, 2008.

Louisiana Code of Civil Procedure Article 1918 provides, in pertinent part, that "[a] final judgment shall be identified as such by appropriate language." In the case at bar, the only language on the purported judgment is the word "Denied" written across the rule to show cause order. In response to this court's order that appellant show cause why its appeal should not be

2

dismissed as premature, Nitetown acknowledges that a remand may be necessary in order for the trial court to render a proper ruling on Nitetown's Motion for New Trial.

In *Egle v. Egle*, 05-531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court considered the issue of whether the notation "Denied" written across a rule to show cause order is sufficient to constitute a judgment on a motion for new trial. The *Egle* case was factually similar to the instant case in that no hearing had been held on the motion for new trial, and the trial judge simply wrote the notation "Denied" diagonally across the face of the rule. The court in *Egle* found such a notation to be insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. In *Egle*, the court looked to La.Code Civ.P. art. 2087(D), which provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Since the trial court had not held a hearing and no valid judgment had been rendered with regards to the motion for new trial, this court held in *Egle* that the appeal order was premature. Having found the appeal order to be premature, this court concluded that it lacked jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2088.

Likewise, in the instant case, we find that the notation "Denied" written on the rule to show cause order does not constitute a valid judgment. Since the trial court failed to conduct a hearing or enter a judgment properly disposing of the Motion for New Trial, we find that the appeal order signed on April 29, 2008, was premature and that the trial court was not divested of its jurisdiction. Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and remanded to the trial court for consideration of

3

Nitetown's Motion for New Trial.

**APPEAL DISMISSED.  CASE REMANDED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.