NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-191


TAMIKA GOTCH

VERSUS

ODEL P. ROBIN, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 02-0675
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

APPEAL DISMISSED.  CASE REMANDED.


John B. Scofield
Phillip W. De Vilbiss
Scofield, Gerard, Singletary & Pohorelsky
901 Lakeshore Drive, 9th Floor
Lake Charles, LA  70601
(337) 433-9436
COUNSEL FOR DEFENDANTS/APPELLANTS:
        ODEL P. ROBIN, ET AL.

**R. Edward Blanchard**
**Sidney W. Degan, III**
**Travis L. Bourgeois**
**Christopher J. Stahulak**
**John W. Strange**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**ODEL P. ROBIN, ET AL.**

**Marcus A. Allen, Sr.**
**Attorney at Law**
**840 South Washington Street**
**Lafayette, LA 70501**
**(337) 289-1762**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Tamika Gotch**

**Robert R. Broussard**
**Attorney at Law**
**Post Office Drawer 80827**
**Lafayette, LA 70598-0827**
**(337) 232-3333**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Tamika Gotch**

PAINTER, Judge.

Upon the lodging of the record in the instant appeal, this court issued, *sua sponte*, a rule ordering the Defendants-Appellants, Odel P. Robin, Acadiana Cajun Wrecker & Towing, and Certain Lloyd's Underwriters (hereinafter "defendants"), to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On June 4, 2009, this court received the defendants' response to the rule. For the reasons given below, we hereby dismiss the appeal.

This case arises out of an automobile accident. Following a bench trial, the trial court found in favor of the plaintiff and awarded damages. The judgment was signed on October 10, 2008. Notice of the signing of the judgment was sent on October 17, 2008. The defendants filed a motion for new trial on October 16, 2008. On October 20, 2008, the trial court struck through and wrote the word "denied" diagonally across the proposed order to show cause. No hearing was held on the motion.

The defendants filed their motion for suspensive appeal on November 7, 2008, and the order granting the appeal was signed on November 13, 2008. The record in this case was lodged with this court on February 17, 2009.

Louisiana Code of Civil Procedure Article 1918 provides, in pertinent part, that "[a] final judgment shall be identified as such by appropriate language." In the case at bar, the only language on the purported judgement is the word "denied" written across the rule to show cause order.

In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court previously considered the issue of whether the notation "Denied" written across a rule to show cause order is sufficient to constitute a judgment on a motion for new trial. The *Egle* case was factually similar to the instant case in that no hearing had been

1

held on the motion for new trial, and the trial judge simply wrote the notation "Denied" diagonally across the face of the rule. The court in *Egle* found such a notation to be insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. In *Egle*, the court looked to La.Code Civ.P. art. 2087(D), which provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Since the trial court had not held a hearing and no valid judgment had been rendered with regard to the motion for new trial, this court held in *Egle* that the appeal order was premature. Having found the appeal order to be premature, this court concluded that it lacked jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2088.

Likewise, in the instant case, we find that the notation "denied" written on the rule to show cause order does not constitute a valid judgment on the motion for new trial. Since the trial court failed to properly dispose of the motion for new trial, we find that the appeal order signed on November 13, 2008, was premature and that the trial court was not divested of its jurisdiction. Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and remanded to the trial court for proper disposition on the defendants' motion for new trial.

**APPEAL DISMISSED. CASE REMANDED.**


This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.