NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1307

RAYMOND LEGER

VERSUS

IMPERIAL FIRE & CASUALTY INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-5639-F
HONORABLE EDWARD RUBIN, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and J. David Painter, Judges.

APPEAL DISMISSED. CASE REMANDED.

D. Patrick Daniel, Jr.
Attorney at Law
900 South College Road
Suite 202
Lafayette, LA 70505-1709
(337) 232-7516
COUNSEL FOR PLAINTIFF/APPELLANT:
    Raymond Leger

**Bryon A. Richie**
**Richie, Richie & Oberle, L.L.P.**
**1800 Creswell Avenue**
**Shreveport, LA 71134**
**(318) 222-8305**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Imperial Fire & Casualty Insurance Company**

**Terry Rowe**
**Terry Rowe & Associates**
**109 Stewart Street**
**Lafayette, LA 70502**
**(337) 232-4744**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **State Farm Mutual Automobile Insurance Company**

PAINTER, Judge.

Upon the lodging of the record in the instant appeal, this court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Raymond Leger, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On November 20, 2009, this court received Appellant's response agreeing that the appeal is premature and requesting a remand. For the reasons given herein, we hereby dismiss the appeal and remand the case.

This case arises out of an automobile accident. In the course of litigation, the trial court granted the Defendants' peremptory exceptions. Plaintiff timely filed a motion for new trial on June 9, 2009. On June 11, 2009, the trial court wrote the word "Denied" on the proposed order to show cause. No hearing was held on the motion. Plaintiff filed a motion for appeal which was granted by order signed on July 15, 2009. The record was lodged in this case on October 28, 2009.

Louisiana Code of Civil Procedure Article 1918 provides, in pertinent part, that "[a] final judgment shall be identified as such by appropriate language." In the case at bar, the only language on the purported judgment is the word "Denied" written on the rule to show cause order.

In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court previously considered the issue of whether the notation "Denied" written across a rule to show cause order is sufficient to constitute a judgment on a motion for new trial. The *Egle* case was factually similar to the instant case in that no hearing had been held on the motion for new trial, and the trial judge simply wrote the notation "Denied" diagonally across the face of the rule. The court in *Egle* found such a notation to be insufficient to satisfy the statutory

1

requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. In *Egle*, the court looked to La.Code Civ.P. art. 2087(D), which provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Since the trial court had not held a hearing and no valid judgment had been rendered with regard to the motion for new trial, this court held in *Egle* that the appeal order was premature. Having found the appeal order to be premature, this court concluded that it lacked jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2088.

Likewise, in the instant case, we find that the notation "Denied" written on the rule to show cause order does not constitute a valid judgment on the motion for new trial. Since the trial court failed to properly dispose of the motion for new trial, we find that the appeal order signed on July 15, 2009, was premature and that the trial court was not divested of its jurisdiction. Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and remanded to the trial court for proper disposition on the Plaintiff's motion for new trial.

**APPEAL DISMISSED. CASE REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.

2