## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-1544


**JOHN AARON DUHON**

**VERSUS**

**3-D SUGAR FARMS, INC., ET AL.**


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20106219
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

## MARC T. AMY

## JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Marc T. Amy, Judges.


**APPEAL DISMISSED.**


**Steven Gerald Durio**
**Joseph Francis Durio**
**Durio, McGoffin, Stagg & Ackermann**
**Post Office Box 51308**
**Lafayette, LA 70505-1308**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **John Aaron Duhon**

**Katherine A. Theunissen**
**Mahtook & Lafleur**
**Post Office Box 3605**
**Lafayette, LA 70502**
**(337) 266-2189**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Richard Paul Duhon**
    **3-D Sugar Farms, Inc.**
    **3-D Land Company, LLC**
    **Warren Dale Duhon**
    **Vickie Duhon Badeaux**

**AMY, Judge.**

Appellant, John Aaron Duhon, filed two claims against Appellees, Richard Paul Duhon; DDB Operations, LLC; Warren Dale Duhon and Vickie Duhon Badeaux—one for revocation of a donation and a second as a "derivative action for recovery of amounts obtained by exploiting conflict of interest." Appellees moved for summary judgment on both claims. The trial court granted summary judgment in part, dismissing Appellant's claim for the revocation of donation only. In response, Appellant filed a motion for reconsideration or new trial, which was denied. Next, Appellant applied for supervisory writs to which Appellees responded. Appellant then filed a motion for devolutive appeal. The order of appeal was signed by the trial court soon thereafter.

After the appeal was lodged in this court, it was soon discovered that a formal judgment had not been issued nor a hearing held on Appellant's motion for reconsideration or new trial. Accordingly, this court issued a rule, *sua sponte*, ordering Appellant to show cause, by brief only, why this appeal should not be dismissed as premature. Days later, Appellees filed a motion to dismiss the appeal on grounds that the judgment from which Appellant appealed was not a final, appealable judgment.

On January 3, 2012, in response to the rule to show cause, Appellant submitted a brief and "Order for Rule to Show Cause or New Trial." Thus, it appears that the necessity of a formal judgment or hearing on the motion for new trial, discussed in *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, has now been satisfied. *See* La.Code Civ.P. art. 2123(C). Appellees' motion to dismiss, however, remains at issue.

Appellant contends that the judgment granting Appellees' motion is a final, immediately appealable judgment under La.Code Civ.P. art. 1915(A)(1) and (3)

"insofar as it dismisses all of John Aaron Duhon's individual claims against his ungrateful defendant sons and daughter, such that the only remaining claim in this matter is the claim of the corporation, 3-D Sugar Farms, Inc., for which Aaron is merely the shareholder." We disagree. Louisiana Code of Civil Procedure Article 1915(A), in pertinent part, provides the following:

> A.　A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> (1)　Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
>
> . . . .
>
> (3)　Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

The partial granting of Appellees' motion for summary judgment did not dismiss the suit as to any party, defendant, third party plaintiff or defendant, or intervenor. Although Appellant sued Appellees individually for revocation and in his capacity as a shareholder in the shareholder derivative suit, he remains the sole claimant or plaintiff in this case. Further, while Appellant seeks to appeal the granting of Appellees' motion for summary judgment, the summary judgment appealed is only partial in nature and is, therefore, governed by La.Code Civ.P. art. 1915(B).

Article 1915(B)(1) provides that a granted, partial summary judgment is not immediately appealable unless "it is designated as a final judgment by the court after an express determination that there is no just reason for delay." In the absence of such a determination and designation, "any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the

2

parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal." La.Code Civ.P. art. 1915(B)(2).

Based on the foregoing, we find that the instant appeal is not properly before this court. Accordingly, we hereby order that this appeal be dismissed at Appellant's cost.

**APPEAL DISMISSED.**