## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 16-434


**MICHAEL WALKER**

**VERSUS**

**THE SERVICE COMPANIES**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 11-03735
SAMUEL LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and John E. Conery, Judges.


**APPEAL DISMISSED. CASE REMANDED.**

**Kenneth Henry Hooks, III**
**Dodson & Hooks**
**112 Founders Dr.**
**Baton Rouge, LA 70810**
**(225) 756-0222**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       Michael Walker

**Keith Edward Pittman**
**Juge, Napolitano, Guilbeau, Ruli and Frieman**
**3320 W. Esplanade Ave. N.**
**Metarie, LA 70002**
**(504) 831-7270**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **The Service Companies**
    **Specialty Risk Services**

**PETERS, Judge.**

This court issued, *sua sponte*, a rule ordering Defendant-Appellant, The Service Companies, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. For the reasons given herein, we hereby dismiss the appeal and remand the case for a ruling on the motion for new trial.

This case arises out of a work-related accident in which Plaintiff, Michael Walker, was involved while working in the kitchen of a restaurant inside the L'Auberge Du Lac Hotel and Casino (L'Auberge) in Lake Charles, Louisiana. One of Appellant's subsidiaries, Full Service Systems Corp. (FSS), entered into a contract for FSS to provide janitorial services to L'Auberge. In July 2010, FSS hired Plaintiff and assigned him to the crew which was responsible for cleaning the Jack Daniels Kitchen at L'Auberge. While Plaintiff was cleaning the hood above the fryer, he slipped and fell feet first into a fryer containing hot grease. As a result of his fall, Plaintiff sustained burns and injuries to his legs, feet and hands. Plaintiff filed the instant workers' compensation action against Appellant, as well as a separate tort action against PNK, Inc., which is the owner of L'Auberge. In the tort proceedings, PNK filed a third party demand against FSS claiming that FSS owes PNK indemnity in the event that PNK is held liable for Plaintiff's injuries.

In September 2011, Appellant petitioned the workers' compensation court for approval of a settlement which Appellant and its insurer, Safety National, had entered into with Plaintiff with regard to his workers' compensation case. On September 12, 2011, the workers' compensation court signed an order approving the settlement. On that same date, the workers' compensation court also signed an order granting a joint motion for dismissal of the case.

Plaintiff alleges that during the course of the separate, ongoing tort case proceedings, Appellant's subsidiary, FSS, is attempting to violate portions of the September 12, 2011 order whereby the workers' compensation court had approved the settlement between Plaintiff and Appellant. Plaintiff's third party tort action was filed against PNK. Also, PNK filed a third-party demand against FSS asserting that FSS owes PNK indemnity in the event that PNK is held liable for Plaintiff's injuries. FSS filed a reconventional demand against Plaintiff, arguing that if PNK succeeds in its third-party demand against FSS, then Plaintiff will be responsible for providing indemnity for FSS. In support of its argument, FSS relies on the general release agreement that Plaintiff signed in connection with the workers' compensation settlement.

On October 16, 2015, in an effort to challenge FSS's attempt to receive full indemnity from him, Plaintiff filed with the workers' compensation court a motion to enforce settlement agreement. By that motion, Plaintiff sought to have the workers' compensation court strike all documents or provisions of documents which are inconsistent with the September 12, 2011 settlement order. Alternatively, Plaintiff asked that the settlement order be withdrawn and that Appellant be allowed to be sued in tort. Appellant opposed Plaintiff's motion to enforce settlement, and a hearing was held on December 9, 2015. On January 11, 2016, the workers' compensation court rendered a judgment in Plaintiff's favor. The court found that any provision requiring Plaintiff to provide indemnity to his employer for any amount above the recoupment of workers' compensation benefits is in direct violation of the settlement order of September 12, 2011. The notice for the workers' compensation court's judgment of January 11, 2016, was mailed on January 21, 2016.

Subsequently, Appellant filed a motion for new trial and for recusal of Judge Sam Lowery. The motion for new trial and recusal was fax-filed on February 1, 2011, and the hard copy was filed on February 5, 2016. An order signed on February 25, 2016, states that Judge Charlotte Bushnell was appointed as the successor judge to preside over Plaintiff's workers' compensation case due to the pending retirement of Judge Lowery. A hearing on the motion for new trial was scheduled for April 6, 2016; however, Plaintiff filed a motion for continuance seeking to have the hearing on the motion for new trial delayed so that a mediation could be conducted. The workers' compensation court signed an order continuing the hearing without date.

On March 11, 2016, Appellant filed a motion to appeal the judgment which was rendered on January 11, 2016. The order of appeal was signed on March 14, 2016.

The appeal was lodged in this court on May 26, 2016. Because the workers' compensation court had not ruled on Appellant's motion for new trial, this court ordered Appellant to show cause why the appeal should not be dismissed as premature. In its response to the rule to show cause order, Appellant acknowledges that the workers' compensation court has not yet ruled on its motion for new trial, and Appellant indicates that it did not intend to waive its right to have the motion for new trial considered. Appellant states that it has no objection to the case being remanded to the workers' compensation court for consideration of the motion for new trial, provided this action does not prejudice its right to appeal the adverse judgment should the motion for new trial be denied.

Louisiana Code of Civil Procedure Article 2087(D) provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed

motions for new trial or judgment notwithstanding the verdict." Since the workers' compensation court has not held a hearing and rendered a judgment with regard to the motion for new trial filed by Appellant on February 1, 2016, we find that the appeal order was premature. As such, we hold that this court lacks jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2087. *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780.

Having concluded that we lack jurisdiction over this appeal, we dismiss the appeal, without prejudice, and remand this case to the workers' compensation court for consideration of and a ruling on Appellant's motion for new trial.

**APPEAL DISMISSED. CASE REMANDED.**