# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 17-225


**MELODY P. SMITH**

**VERSUS**

**CIRCLE K STORES, INC., ET AL.**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF ST. LANDRY, NO. 14-06309
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**********

## MARC T. AMY

## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy and Billy H. Ezell, Judges.


**APPEAL DISMISSED.  CASE REMANDED.**


**Gloria A. Angus**
**Angus Law Firm, L.L.C.**
**Post Office Box 2337**
**Opelousas, Louisiana 70571**
**(337) 948-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Melody P. Smith

**Lance Edward Harwell**
**Staines & Eppling**
**3500 North Causeway Boulevard, Suite 820**
**Metairie, Louisiana 70002**
**(504) 838-0019**
**COUNSEL FOR DEFENDANTS/ APPELLEES:**
  **Circle K Stores, Inc.**
  **Ace American Inurance Company**

**AMY, Judge.**

This court issued, *sua sponte*, a rule ordering Plaintiff-Appellant, Melody P. Smith, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. For the reasons given herein, we hereby dismiss the appeal.

This case involves a workers' compensation action which Plaintiff filed against her employer, Circle K Stores, Inc., and its workers' compensation insurer, Ace American Insurance Company (hereinafter, "Defendants"). On September 21, 2013, Plaintiff went to a Capital One Bank in Lafayette, Louisiana, to deposit funds for her employer. While in her car in the bank's parking lot, Plaintiff was the victim of a robbery. The perpetrator rear-ended Plaintiff's car, and shot into her car. When Plaintiff crawled over to the opposite side of the car, the perpetrator went to the opposite side of the car and shot out the glass. As a result of the incident, Plaintiff sustained neck, back, and knee injuries. Defendants have been paying workers' compensation benefits to Plaintiff; however, a dispute arose over the issue of treatment for Plaintiff's knee injury. Plaintiff filed a disputed claim seeking penalties and attorney's fees for Defendants' failure to authorize the evaluation of her knee injury. On April 25, 2016, a trial was held for Plaintiff's disputed claim, and the matter was taken under advisement. Subsequently, on September 1, 2016, the workers' compensation court rendered an oral ruling denying Plaintiff's claim for penalties and attorney's fees and finding that Defendants had not acted arbitrarily and capriciously. A judgment to that effect was ultimately signed on November 14, 2016, and the notice of judgment was mailed on November 16, 2016.

Meanwhile, in October 2016, before the written judgment was signed, Plaintiff filed a motion for new trial. Later, on November 1, 2016, Plaintiff filed a motion for devolutive appeal, and the order of appeal was signed on November 7, 2016. The appeal record was lodged in this court on March 6, 2017. Because the workers' compensation court has not rendered a ruling on Plaintiff's motion for new trial, we issued a rule for Plaintiff to show cause why her appeal should not be dismissed as premature.

In her response to this court's rule to show cause order, Plaintiff argues that her appeal was filed timely; however, she does not address the prematurity issue and the motion for new trial. Defendants also filed a response to this court's rule to show cause order. In their response, Defendants state that they are in favor of the instant appeal being dismissed as premature because the workers' compensation court has not yet ruled on the motion for new trial.

Louisiana Code of Civil Procedure Article 2087(D) provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Because the workers' compensation court has not held a hearing or rendered a judgment with regard to the motion for new trial which Plaintiff filed in October 2016, we find that the workers' compensation court has not been divested of jurisdiction as set forth in La.Code Civ.P. art. 2088. *See Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780. As such, the order of appeal was granted prematurely, and this court lacks jurisdiction over the appeal.

Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and that the case should be remanded to the workers' compensation court for consideration of Plaintiff's motion for new trial.

**APPEAL DISMISSED.  CASE REMANDED.**