NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-1158

ACADIAN GAS PIPELINE SYSTEM

VERSUS

OLIVER LIECHT MCMICKENS, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 257,060
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

APPEAL DISMISSED.  CASE REMANDED.

Harry Brenner Sadler
Provosty, Sadler, & deLaunay
Post Office Box 1791
Alexandria, Louisiana 71309-1791
(318) 445-3631
COUNSEL FOR DEFENDANTS/APPELLEES:
    Oliver Liecht McMickens
    Rickey Loren McMickens
    Mark R McMickens
    Neal L. McMickens
    Scott A. McMickens

**John M. Wilson**
**Matthew D. Simone**
**Jaclyn E. Hickman**
**Liskow & Lewis**
**701 Poydras Street, Suite 5000**
**New Orleans, Louisiana 70139-5099**
**(504) 581-7979**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Acadian Gas Pipeline System**

**COOKS, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Acadian Gas Pipeline System, to show cause, by brief only, why the appeal in this matter should not be dismissed as premature. On January 4, 2018, this court received Appellant's response to the rule. For the reasons given herein, we hereby dismiss the appeal and remand the case to the trial court.

This case involves an expropriation suit which Plaintiff filed seeking to acquire a perpetual, non-exclusive servitude of passage across a 1,430-acre tract of land which is located just outside the city limits of Alexandria, Louisiana, and is owned by Defendants, Oliver Leicht McMickens, Ricky Loren McMickens, Mark R. McMickens, Neal L. McMickens, and Scott A. McMickens. The purpose for the servitude is to allow Plaintiff access to and from a nearby pipeline owned by Plaintiff.

Following a bench trial held on March 16, 2017, the matter was taken under advisement. On August 31, 2017, the trial court issued written reasons for ruling and signed a judgment denying Plaintiff's expropriation request. The notice of judgment was mailed on September 1, 2017. On September 12, 2017, Plaintiff filed a motion for new trial. On September 13, 2017, the trial court wrote the word "Denied" diagonally across the proposed order to show cause. On that proposed show cause order, the trial court also made the notation, "written reasons given," apparently to indicate that it had issued written reasons for its August 31, 2017 judgment. No hearing was held on the motion for new trial and no written reasons regarding the Motion for New Trial appear in the appellate record.

Subsequently, a hearing was held to address issues involving costs and attorney's fees, and those issues were disposed of in a judgment signed on October 30, 2017. Also on October 30, 2017, Plaintiff filed a motion to appeal the trial court's August 31, 2017 judgment. The trial court signed the order of appeal on October 30, 2017, and the appeal record was lodged in this court on December 19, 2017.

Louisiana Code of Civil Procedure Article 1918 provides that "[a] final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." In the instant case, the purported judgment for Plaintiff's motion for new trial consists of the word "Denied" written across the proposed rule to show cause order, as well as the notation, "written reason given," which was also written on the proposed show cause order.

In its response to this court's order to cause why its appeal should not be dismissed as premature, Plaintiff acknowledges that its appeal is premature based on this court's ruling in *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780. In *Egle*, this court previously considered the issue of whether the notation "Denied" written across a rule to show cause order is sufficient to constitute a judgment on a motion for new trial. The *Egle* case was factually similar to the instant case in that no hearing had been held on the motion for new trial, and the trial judge simply wrote the notation "Denied" diagonally across the face of the rule. The court in *Egle* found such a notation to be insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. In *Egle*, the court looked to La.Code Civ.P. art. 2087(D), which provides that "[a]n order for appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict." Since the trial court had not held a hearing and no valid judgment had been rendered with regards to the motion for new trial, this court held in *Egle* that the appeal order was premature. Having found the appeal order to be premature, this court concluded that it lacked jurisdiction over the appeal pursuant to La.Code Civ.P. art. 2088.

Likewise, in the instant case, we find that the notation "Denied" written on the rule to show cause order does not constitute a valid judgment. Since the trial court did not conduct a hearing or sign a judgment properly disposing of the motion for new

2

trial, we find that the appeal order signed on October 30, 2017, was premature and that the trial court was not divested of its jurisdiction. Having concluded that we lack jurisdiction over this appeal, we find that the appeal must be dismissed and remanded to the trial court for consideration of Plaintiff's motion for new trial.

**APPEAL DISMISSED. CASE REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.