NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-129


HIDDEN GROVE, L.L.C.

VERSUS

RICHARD BRAUNS AND LESLIE BRAUNS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20134910
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.


APPEAL DISMISSED AND REMANDED.


Patrick J. Briney
Briney & Foret
Post Office Drawer 51367
Lafayette, Louisiana 70505-1367
(337) 237-4070
COUNSEL FOR DEFENDANTS/APPELLEES:
    Richard Brauns
    Leslie Brauns

**Gerald Charles deLaunay**
**Attorney at Law**
**251 La Rue France**
**Lafayette, Louisiana 70508**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Hidden Grove, L.L.C.**
    **Jeffrey Mark Gossen**
    **Gerald Millard Gossen, Jr.**

**James Lawrence Bullen**
**Bullen & Plauche**
**130 S. Audubon Boulevard, #102**
**Lafayette, Louisiana 70501**
**(337) 237-5900**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Richard Brauns**
    **Leslie Brauns**

**SAUNDERS, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiffs-Appellants, Hidden Grove, L.L.C.; Jeffrey M. Gossen; and Gerald M. Gossen, Jr., to show cause 1) why the appeal in the above-captioned case should not be dismissed as premature pursuant to *Egle v. Egle*, 05-531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, due to the lack of a valid judgment disposing of the motion for new trial and 2) why the appeal should not be dismissed due to the lack of proper decretal language in the final judgment which was rendered on August 19, 2018. For the reasons given herein, we hereby dismiss this appeal and remand this case for further proceedings in accordance with this court's ruling.

This case arises out of the escavation of lots located in Hidden Groves Subdivision in Lafayette, Louisiana. Defendants, Richard and Lisa Brauns, purchased Lot 14 from a third party who is not involved in the instant litigation. Defendants purchased Lot 15 from Plaintiffs, and Defendants were given the right of first refusal to purchase Lots 16 and 17. The surface elevations of Lots 15, 16, and 17 were substantially higher than that of Lot 14, which is where Defendants' home is located, and Defendants sought to lower the elevations of the higher lots to match the elevation of Lot 14. Defendants contend that Plaintiffs gave them permission to lower the elevation of Lots 16 and 17 without having to build a retaining wall at the back of those lots. However, Plaintiffs maintain that the permission to lower Lots 16 and 17 was conditioned upon the construction of a retaining wall.

Plaintiffs filed the instant lawsuit alleging that Defendants were contractually obligated to build a retaining wall. Alternatively, Plaintiffs assert that they are entitled to recover from Defendants under a theory of trespass or a theory

of unjust enrichment, as a result of Defendants' having removed soil from Lots 16 and 17.

On April 18, 2018, Defendants filed a motion for summary judgment seeking dismissal of Plaintiffs' claims against them. A hearing was held on June 25, 2018, and the trial court signed a judgment granting Defendants' motion for summary judgment on August 9, 2018. The notice of judgment was mailed August 15, 2018. On August 23, 2018, Plaintiffs filed a motion for new trial. On August 30, 2018, the trial court wrote the word "denied" across the top of the proposed order to show cause which accompanied the motion for new trial. On October 29, 2018, Plaintiffs filed a motion to appeal the trial court's August 9, 2018 judgment. The trial court signed the order of appeal on November 2, 2018, and the appeal record was lodged in this court on February 20, 2019.

We find that the instant appeal is not properly before this court because the judgment sought to be appealed is ambiguous and lacks proper decretal language. In that regard, we note that this court has stated that "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146.

In the instant case, although the August 9, 2018 judgment states that Defendants' motion for summary judgment is granted, the judgment fails to state which claims, if any, are being dismissed. Therefore, we find that the judgment is ambiguous and lacks appropriate decretal language. *See Johnson v. Mount Pilgrim Baptist Church*, 05-337 (La.App. 1 Cir. 3/24/06), 934 So.2d 66.

In their response to this court's rule to show cause order, Plaintiffs contend that the trial court's reasons for ruling indicate that the trial court intended to dismiss Plaintiffs' main demand in total via the August 9, 2018 judgment. Plaintiffs note that after this court issued its rule to show cause order, Plaintiffs submitted a proposed amended judgment containing proper decretal language to the trial court for signature. However, Plaintiffs maintain that the trial court refused to sign the proposed amended judgment based on the trial court's finding that it no longer has jurisdiction over the case since an appeal has been filed. Plaintiffs ask this court either 1) to exercise its supervisory jurisdiction to render a judgment with appropriate decretal language or 2) to do as it has done in an unrelated appeal filed under this court's docket number 19-103, and suspend the instant appeal and remand the case to the court with instructions to issue a final judgment with proper decretal language.

However, we note that the lack of proper decretal language in the final judgment of August 9, 2018 is not the only procedural problem in the instant appeal. In that regard, we note that even after the final judgment is amended to include proper decretal language, the appeal still will not be properly before this court until the trial court has rendered a valid judgment disposing of the motion for new trial. Although the issue involving the lack of a proper ruling on the motion for new trial was noted in this court's rule to show cause order, that issue was not addressed by Plaintiffs in their response to the rule to show cause order.

Louisiana Code of Civil Procedure Article 2087(D) provides that "[a]n order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effectively upon denial of such motions." In the instant case, we note that the

3

purported judgment on Plaintiffs' motion for new trial only includes the word "denied" written across the top of the proposed order for a hearing. In *Egle v. Egle*, 05-0531 (La.App. 3 Cir. 2/8/06), 923 So.2d 780, this court held that the notation "Denied" written across a proposed order for a hearing which had been attached to a motion for new trial is insufficient to satisfy the statutory requirement that a final judgment be "identified as such by appropriate language." *See* La.Code Civ.P. art. 1918. Thus, in the instant case, we find the purported judgment on Plaintiffs' motion for new trial to be insufficient to constitute a valid judgment on that motion.

For the foregoing reasons, we find that this case should be remanded to the trial court for the preparation of an amended final judgment which includes proper decretal language and for a valid judgment disposition of the motion for new trial. Accordingly, we dismiss this appeal and remand this case to the trial court for further proceedings in accordance with this ruling.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.